UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00265-FDW

| | |
|---|---|
| CARLTON EUGENE ANDERSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JOHN A HERRING, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner Carlton Eugene Anderson's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1).

I.  **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was convicted by a Jackson County Superior Court jury of first-degree murder. State v. Anderson, 484 S.E.2d 543, 544 (N.C. 1997). The trial court sentenced Petitioner to life imprisonment. Id. at 545. The North Carolina Supreme Court affirmed Petitioner's judgment by published opinion on May 9, 1997. Id. at 546.

Petitioner filed a petition for writ of habeas corpus in the Jackson County Superior Court on February 13, 2017; it was denied on March 1, 2017. (Order on Writ of Habeas Corpus, Doc. No. 1-1 at 17.) He subsequently filed a petition for writ of certiorari in the North Carolina Supreme Court seeking review of the Superior Court's order; it was dismissed on May 3, 2017. (Order on Cert. Pet., Doc. No. 1-1 at 18.)

Petitioner filed the instant § 2254 habeas Petition in this Court on September 2, 2017, when he placed it in the prison mail system (§ 2254 Pet. 15, Doc. No. 1). See Houston v. Lack,

487 U.S. 266, 267 (1988). Petitioner states he was sentenced under North Carolina's Fair Sentencing Act ("FSA") (Pet'r's Mem. 4, Doc. No. 1) which provided that a prisoner sentenced to life in prison for first-degree murder became eligible for a parole status review after serving 20 years of his sentence, N.C. Gen. Stat. § 15A-1371(a)(1) (1981) (amended 1993; repealed 1994). If parole was denied, the state parole commission was required to review the prisoner's parole status annually thereafter, until parole was granted. § 15A-1371(b)(2) (repealed 1993). Although subsequently repealed, the parole provisions of the FSA remain applicable to sentences based on offenses, like Petitioner's, that occurred before October 1, 1994. See Structured Sentencing Act, ch. 538, sec. 56, 1993 N. C. Sess. Laws.

In 2008, however, the North Carolina General Assembly passed a law limiting the frequency of parole reviews for inmates convicted of first-degree murder and sentenced under the FSA. See Act of July 18, 2008, 2008 N. C. Sess. Law 2008-133 (H.B. 1624). The new law went into effect on October 1, 2008, and provides for parole-status review every three years. Id.

Petitioner states that he became eligible for parole review in 2015. (Pet'r's Mem. 4.) By letter dated March 5, 2015, the North Carolina Post-Release Supervision and Parole Commission informed Petitioner that it had reviewed his case and decided not to grant him parole at that time. (Comm. Letter, Doc. No. 1-1 at 14.) The letter further informed Petitioner that his parole status is scheduled for review again on February 4, 2018. (Comm. Letter.)

Petitioner contends the Commission denied him due process by failing to review his case for parole annually as required by the FSA. (§ 2254 Pet. 5.) He also contends that the 2008 law changing the frequency of parole status review subjects him to increased punishment in violation of the Ex Post Facto Clause. (§ 2254 Pet. 7.)

## II.     DISCUSSION

The Court notes at the outset that Petitioner is not challenging his underlying criminal judgment. Instead, he challenges parole procedures applied to his sentence. The Fourth Circuit Court of Appeals has typically found such challenges to be contesting the "execution" of a sentence. See In re Wright, 826 F.3d 774, 777 (4th Cir. 2016) (citing Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) (finding a petitioner to be challenging the "execution of [his] sentence" where he "d[id] not seek to have [the original sentencing] order set aside"); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam) (finding that a "claim for credit against a sentence" challenges the "execution of the sentence rather than the sentence itself")). In In re Wright, the Fourth Circuit held that convicted state prisoners' petitions challenging the execution of a sentence are to be governed by § 2254, rather than 28 U.S.C. § 2241[1]. 826 F.3d at 779 ("[H]abeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . , even if they challenge the execution of a state sentence.") (footnote omitted). Therefore, all of § 2254's statutory requirements apply. See id. at 783.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitation for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, generally attacks the execution of a sentence rather than its validity. See Leatherwood v. Allbaugh, 861 F.3d 1034, 1041 (10th Cir. 2017).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction became final in 1997. Thus, his Petition is untimely under § 2244(d)(1)(A), and based upon the facts alleged, neither § 2244(d)(1)(B) nor (C) apply. Instead, § 2244(d)(1)(D) governs the running of the statute of limitations in this instance.

The factual predicate of Petitioner's claim is that his parole status was not reviewed annually after it was initially denied. As noted, the letter from the Parole Commission states that Petitioner's next review date is February 4, 2018. It stands to reason, then, that his initial parole-status review occurred on or about February 4, 2015. If the Parole Commission was going to conduct an annual review of Petitioner's parole status, its next review would have been on or about February 4, 2016, and Petitioner would have been notified of its decision no later than March 2016. Accordingly, March 2016, is the latest by which Petitioner knew, or could have discovered through the exercise of due diligence, that the Parole Commission had not conducted an annual review of his parole status.

Petitioner, however, did not file the instant habeas Petition until September 2, 2017, well over a year later. Notably, his petition for writ of habeas corpus and subsequent petition for writ of certiorari in the state courts did not toll the statute of limitations, see 28 U.S.C. § 2244(d)(2),

as he was not seeking post-conviction review of his criminal judgment.  Therefore, absent equitable tolling, the § 2254 Petition is untimely.  See § 2244(d)(1)(D).

Petitioner believes that his Petition is timely because the alleged ex-post facto violation reoccurs every year.  (Pet. 18.)  He is incorrect.  There is no provision in AEDPA for suspension of the statute of limitations.  Section § 2244(d)(1(D) provides Petitioner the latest possible start date for the statute of limitations, and it began to run, at the latest, when he knew, or could have discovered through the exercise of due diligence, of the first violation.

Because of Petitioner's misunderstanding of the limitations issue, the Court shall give him an opportunity to provide any additional information relevant to the issue of timeliness, including whether equitable tolling should apply.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); see also Holland v. Florida, 560 U.S. 631, 649 (2010) (Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)).  Failure to comply with this Order shall result in dismissal of the habeas Petition without further notice.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner shall, within 21 days from service of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.

Signed: October 16, 2017

Frank D. Whitney
Chief United States District Judge