UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00265-FDW

| | |
|---|---|
| CARLTON EUGENE ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOHN A HERRING, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner Carlton Eugene Anderson's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1).

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted by a Jackson County Superior Court jury of first-degree murder. State v. Anderson, 484 S.E.2d 543, 544 (N.C. 1997). The trial court sentenced Petitioner to life imprisonment. Id. at 545. The North Carolina Supreme Court affirmed Petitioner's judgment by published opinion on May 9, 1997. Id. at 546.

Petitioner filed a petition for writ of habeas corpus in the Jackson County Superior Court on February 13, 2017; it was denied on March 1, 2017. (Order on Writ of Habeas Corpus, Doc. No. 1-1 at 17.) He subsequently filed a petition for writ of certiorari in the North Carolina Supreme Court seeking review of the Superior Court's order; it was dismissed on May 3, 2017. (Order on Cert. Pet., Doc. No. 1-1 at 18.)

Petitioner filed the instant § 2254 habeas Petition in this Court on September 2, 2017, when he placed it in the prison mail system (§ 2254 Pet. 15, Doc. No. 1). See Houston v. Lack,

1

487 U.S. 266, 267 (1988). Petitioner claims the North Carolina Post-Release Supervision and Parole Commission denied him due process by failing to review his case for parole annually as required by the Fair Sentencing Act. (§ 2254 Pet. 5.) He also claims that the 2008 law changing the frequency of parole status review subjects him to increased punishment in violation of the Ex Post Facto Clause. (§ 2254 Pet. 7.)

After conducting an initial review, the Court notified Petitioner that his habeas Petition appeared to be time-barred by the statute of limitations. The Court provided Petitioner an opportunity to explain why the Petition should not be dismissed as untimely. (Doc. No. 2.) Petitioner has responded. (Doc. No. 3.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its initial review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4 if it is clear the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Court notes at the outset that Petitioner is not challenging his underlying criminal judgment. Instead, he challenges parole procedures applied to his sentence. The Fourth Circuit Court of Appeals has typically found such challenges to be contesting the "execution" of a sentence. See In re Wright, 826 F.3d 774, 777 (4th Cir. 2016) (citing Fontanez v. O'Brien, 807

F.3d 84, 87 (4th Cir. 2015) (finding a petitioner to be challenging the "execution of [his] sentence" where he "d[id] not seek to have [the original sentencing] order set aside"); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam) (finding that a "claim for credit against a sentence" challenges the "execution of the sentence rather than the sentence itself")). In In re Wright, the Fourth Circuit held that convicted state prisoners' petitions challenging the execution of a sentence are to be governed by § 2254, rather than 28 U.S.C. § 2241[1]. 826 F.3d at 779 ("[H]abeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . , even if they challenge the execution of a state sentence.") (footnote omitted). Therefore, all of § 2254's statutory requirements apply. See id. at 783.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitation for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, generally attacks the execution of a sentence rather than its validity. See Leatherwood v. Allbaugh, 861 F.3d 1034, 1041 (10th Cir. 2017).

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction became final in 1997. Thus, his Petition is untimely under § 2244(d)(1)(A), a fact which Petitioner contests. Petitioner contends that the one-year statute of limitation does not apply in this action due to a circuit split regarding the applicability of § 2244's statutory period as recognized in Cox v. McBride, 279 F.3d 492 (7th Cir. 2002). (Resp. 4, Doc. No. 3.) Specifically, Petitioner contends that the circuits are split as to whether the one-year statute of limitation applies to habeas petitions challenging administrative decisions, like those granting or denying parole, for example, or only to those petitions challenging an inmate's underlying conviction. In this circuit, however, the statute of limitations does in fact apply to habeas petitions challenging administrative decisions. Wade v. Robinson, 327 F.3d 328, 330, 331 (4th Cir. 2003). Thus, Petitioner's defense fails.

Based upon the facts alleged in the Petition, neither § 2244(d)(1)(B) nor (C) apply to toll the statute of limitations. Instead, § 2244(d)(1)(D) governs the running of the statute of limitations in this instance.

The factual predicate of Petitioner's claim is that his parole status was not reviewed annually after it was initially denied. Petitioner was sentenced under North Carolina's Fair Sentencing Act ("FSA") (Pet'r's Mem. 4, Doc. No. 1-1) which provided that a prisoner sentenced to life in prison for first-degree murder becomes eligible for a parole status review after serving 20 years of his sentence, N.C. Gen. Stat. § 15A-1371(a)(1) (1981) (amended 1993; repealed 1994). If parole was denied, the state parole commission was required to review the prisoner's parole status annually thereafter, until parole was granted. § 15A-1371(b)(2) (repealed 1993). Although the FSA subsequently was repealed, the parole provisions remained

applicable to sentences based on offenses, like Petitioner's, that occurred before October 1, 1994. See Structured Sentencing Act, ch. 538, sec. 56, 1993 N. C. Sess. Laws.

In 2008, however, the North Carolina General Assembly passed a law limiting the frequency of parole reviews for inmates convicted of first-degree murder and sentenced under the FSA. See Act of July 18, 2008, 2008 N. C. Sess. Law 2008-133 (H.B. 1624). The new law went into effect on October 1, 2008 and provides for parole-status review every three years. Id.

Petitioner became eligible for parole review on February 4, 2015. (Pet'r's Mem. 4.) By letter dated March 5, 2015, the North Carolina Post-Release Supervision and Parole Commission informed him that it had reviewed his case and decided not to grant him parole at that time. (Comm. Letter, Doc. No. 1-1 at 14.) The letter further informed Petitioner that his parole status was scheduled for review again on February 4, 2018. (Comm. Letter.)

It stands to reason, then, that Petitioner's initial parole-status review occurred on or about February 4, 2015. If the Parole Commission was going to conduct an annual review of Petitioner's parole status, its next review would have been on or about February 4, 2016, and Petitioner would have been notified of its decision no later than March 2016. Accordingly, March 31, 2016, is the latest by which Petitioner knew, or could have discovered through the exercise of due diligence, that the Parole Commission had not conducted a review of his parole status in 2016, as it would have under the original provisions of the FSA.

Petitioner, however, did not file the instant habeas Petition until September 2, 2017, well over a year later. Notably, his petition for writ of habeas corpus and subsequent petition for writ of certiorari in the state courts did not toll the statute of limitations, see 28 U.S.C. § 2244(d)(2), as he was not seeking post-conviction review of his criminal judgment. Moreover, even if they did toll the statute of limitations, the habeas Petition still was untimely by more than two months.

Therefore, absent equitable tolling, the § 2254 Petition is time-barred. See § 2244(d)(1)(D).

Petitioner, however, contends that § 2244(d)(1)(B) should also apply to toll the statute of limitations. (Resp. 4.) The statute of limitations begins to run under § 2244(d)(1)(B) when the impediment to filing a habeas petition created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by such State action. Id. Citing a lack of legal resources at the prison, Plaintiff contends State action impeded his filing by denying him access to the courts.

For § 2244(d)(1)(B) to apply, Petitioner must identify when the alleged State-created impediment was removed. In other words, Petitioner must identify when the State made available the necessary legal resources that enabled him to file the instant habeas Petition. Petitioner, however, does not allege the State made legal resources available to him at any time. Furthermore, notwithstanding the lack of legal resources, Petitioner filed pleadings in Jackson County Superior Court and the North Carolina Supreme Court. The fact that he also filed the instant habeas Petition without the State making legal resources available precludes application of § 2244(d)(1)(B).

Finally, Petitioner is not entitled to equitable tolling of the statute of limitations. Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v.

6

Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner asserts he has been pursuing his rights diligently since 2016. (Resp. 2-3 (providing timeline).) Even if that is the case, Petitioner has not identified an extraordinary circumstance that prevented him from timely filing his habeas Petition. Lack of access to a law library or legal counsel, and ignorance of the law (Resp. 2-3) are not recognized as "extraordinary circumstances" warranting equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner," however, "ignorance of the law is not a basis for equitable tolling." (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same))).

In sum, the habeas Petition is untimely under §§ 2244(d)(1)(A) and (D), neither §§ 2244(d)(1)(B) nor (C) apply, and Petitioner is not entitled to equitable tolling of the statute of limitations. Accordingly, the Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 31,

Frank D. Whitney
Chief United States District Judge